IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.                                       CRIMINAL NO.: 3:17-CR-66-HTW-ASH

CRYSTAL ANN POOLE                                          DEFENDANT

---

## ORDER

---

Federal courts are courts of limited jurisdiction, that is, they possess subject-matter jurisdiction to adjudicate a dispute before them only if they possess subject-matter jurisdiction under the Constitution of the United States, or by federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)*; see also Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). Whether a federal court is possessed of this specific jurisdiction is a question which may be reviewed at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *See also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011). Even when the lawsuit has been fully adjudicated in the district court and appealed to a circuit court, the issue of subject-matter jurisdiction still survives and may be raised on appeal even if the issue thereby was not raised, or even mentioned in the district court. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004).

Such is the situation here. The dispute addressed by this district court, at the trial level, was whether the court could resentence a supervisee under Title 18 U.S.C. § 3613A and § 3614 for

knowingly and willfully failing to make court-ordered restitution payments under the Mandatory

Victim Restitution Act ("MRVA")[1]

On appeal of this court's sentence, the United States Court of Appeals for the Fifth Circuit

had this to say:

> Nevertheless, because Poole first raised her jurisdictional challenge on appeal, the district court did not address it. As noted, subject matter jurisdiction cannot be forfeited or waived. [*United States v. Cotton*, 535 U.S. 625, 630 (2002)]. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). We therefore vacate the district court's judgment and remand for clarification of the basis of its judgment, and for its consideration of Poole's jurisdictional arguments. *See id*. at 121.

This task is driven by interpretation of law; the salient factual matters, in all respects, are

agreed to by the parties.

The undisputed facts are as follows:

Crystal Ann Poole is the supervisee who has authored this challenge, which is opposed by

the government acting through the United States Attorney's Office for the Southern District of

Mississippi.

---

[1] (a)(1) Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

(2) For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. In the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section, but in no event shall the defendant be named as such representative or guardian.

18 U.S.C.A. § 3663A (West).

Charged with the federal crimes of tax evasion[2], bank fraud[3] and social security fraud[4], after she pleaded guilty, Poole was convicted and sentenced by the United States District Court for the Northern District of California. The maximum  sentence for each of the felonies, without application of possible appropriate determination of sentence-concurrency, was as follows:

1.  Tax Evasion: Not more than 5 years imprisonment; a fine up to $250,000; and up to 3 years of supervised release;

2.   Bank Fraud: Not more than 30 years imprisonment; a fine up to $1,000,000; and up to 5 years of supervised release; and

---

[2] Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.
26 U.S.C.A. § 7201 (West).

[3] Whoever knowingly executes, or attempts to execute, a scheme or artifice—
    (1) to defraud a financial institution; or
    (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both
18 U.S.C.A. § 1344 (West).

[4] (a) In general
    Whoever--
    (7) for the purpose of causing an increase in any payment authorized under this subchapter (or any other program financed in whole or in part from Federal funds), or for the purpose of causing a payment under this subchapter (or any such other program) to be made when no payment is authorized thereunder, or for the purpose of obtaining (for himself or any other person) any payment or any other benefit to which he (or such other person) is not entitled, or for the purpose of obtaining anything of value from any person, or for any other purpose-
        (B) with intent to deceive, falsely represents a number to be the social security account number assigned by the Commissioner of Social Security to him or to another person, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him or to such other person…
42 U.S.C.A. § 408 (West)

3. Social Security Fraud: Not more than 5 years imprisonment; a fine up to $250,000; and up to 3 years supervised release.

The district judge in California, determining not to impose the maximum allowed for any of these felonies, sentenced Poole to three concurrent sentences of 27 months in prison, to be followed by 3 years supervised release.

Mindful of the Mandatory Victims Restitution Act, the judge also ordered Poole to make restitution of $476,444.08 to the victims of her offenses. The restitution Order provided as follows:

"Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. Lump sum payment of $476, 744, .08 due immediately, balance due in accordance with… D. Payment in equal monthly installments of $100 over a period of three years, to commence 60 days after release from imprisonment to a term of supervision; or…G. In custody special instructions: Payments of criminal monetary penalties is due during imprisonment at the rate of not less than $25.00 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102."

This restitution Order thus mandated payment in three instances:

1. **Due immediately**: a lump sum of $476,744,.08;

2. **In custody during imprisonment**: at the rate of not less than $25.00 per quarter; and

3. **After release from imprisonment to a term of supervision**: payment in equal installments of $100 over a period of three years, to commence 60 days after release from imprisonment.

Poole went to prison on her sentence of confinement. She was released from confinement in April of 2015 and began her three-year term of supervised release. She was obligated after 60 days to commence her scheduled $100 monthly installment payments. During her term of supervised release, in 2017, her case was transferred to this court, located in the Southern District of Mississippi.

The California District Court expected Poole to pay on her restitution over the three-year term of supervised release. She completed her term of supervised release on March 28, 2018. During her supervision period, the government never sought to modify or revoke Poole's supervised release conditions for failure to pay restitution.

Under the restitution Order, Poole was to begin monthly restitution payments of $100 over a period of three years 60 days after her April 2015 release from imprisonment to a term of supervision. In 2021, three years after Poole was released from custody, she owed $73,769.50 for her criminal debt and $400,197.00 in federal restitution. In all, said the government, Poole was in default for $473,966.50 in 2021 before calculating any delinquent and default penalties.

In 2021, the government informed Poole of this delinquency and demanded payment. The government required Poole to submit to a judgment-debtor examination to determine financial capability.

Poole was proceeding pro se. After the judgment-debtor examination, the government and Poole agreed upon a revised payment schedule of $300 per month. This agreement put to paper was executed in writing by the parties. Notwithstanding this arrangement, Poole still elected not to honor her agreement. By 2023, five years after her release from incarceration, she had paid only $4,102.54 toward her victim and federal restitution obligations.

The government, then, pursuant to its Motion for Reconsideration, filed in this court on June 13, 2023, moved this court to resentence Poole under Title 18 U.S.C. § 3614. The government argued that 18 U.S.C. § 3614 permitted the district court to resentence Poole to any sentence which might have originally been imposed against her, because, it alleged, Poole had "knowingly and willfully refused to pay toward her criminal restitution." [Doc. 13-1, p.3]. Since a resentencing under said statute provided for possible incarceration, this court, on August 30, 2023, appointed legal counsel to represent her.

On April 11, 2024, this court conducted a hearing on the Motion for Resentencing. *See* Transcript of Motion Hearing [Docs. 34 and 37]. At the hearing, Poole acknowledged that she owed outstanding restitution[5], but she argued that her failure to make payment was not willful but was based on an inability to pay.

After two hearings and additional briefing, this court, unconvinced by her excuse, found that Poole had knowingly and willfully failed to pay due restitution. This court thereafter granted the government's Motion for Resentencing under 18 U.S.C. §3614 and resentenced Poole to six months imprisonment to be followed by three years supervised release.

On April 16, 2024, Poole filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit [Doc. 24]. On May 30, 2024, Poole filed an emergency motion for stay of sentence pending appeal [Doc. 36]. On June 21, 2024, the Fifth Circuit accepted Poole's Record of Appeal. The Fifth Circuit issued its Opinion on January 7, 2026, vacating this court's judgment

---

[5] At the hearing, the parties informed the district court that the Internal Revenue Service (IRS) had stayed the collection of the restitution owed to its agency. The U.S. Attorney's office had deferred collection to the IRS. Although the amount was stayed, the obligation under the restitution order remained valid. Ultimately, the parties agreed on the total amount of restitution plus penalties still outstanding.

on resentencing and directing this court to determine whether it possesses subject matter jurisdiction to resentence Poole [Doc. 39].

Poole's payment history, as obtained from the United States Court of Clerk on June 16, 2026, reflects that on her current criminal indebtedness of $593,073.71[6], Poole has paid only $8,805.54. The parties herein all agree that whatever the outcome of Poole's jurisdictional challenge to her reincarceration, she still owes restitution which the government can seek to recover in a civil proceeding[7], and Poole would have available to her all of the protections applicable to her pursuant to such civil proceedings.

As stated above, the parties herein do not contest the above-mentioned factual background; the parties instead quarrel over the subject-matter jurisdictional thrusts of the applicability of the restitution statutes in this particular instance.

Turning now to the legal controversy, this court realizes that at the core here are the following statutes:  18 U.S.C. § 3613A(a); 18 U.S.C. § 3613(b); 18 U.S.C. § 3614; and 18 U.S.C.

---

[6] The United States Attorney previously advised Poole in 2021 that delinquent and default penalties under 18 U.S.C. § 3612(g) in the total amount of $117,904.63 had been added to her principal outstanding amount of $471,066.54, with a total outstanding debt of $588,971.17. As of June 16, 2026, this total amount is $593,073.71. *See* "EXHIBIT A". The parties did not contest nor brief the alleged delinquent and default penalties assessed under 18 U.S.C. §3612(g). Poole allegedly was advised of these surplus fees when she negotiated her payment modification agreement with the United States Attorney's Office.

[7] *See,* 18 U.S.C. § 3613, which states, in pertinent part: "(a) Enforcement— [t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law….(b) the liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." While criminal restitution is part of the defendant's sentencing and is enforced by the United States, a criminal restitution order does not preclude a victim from pursuing independent civil remedies for the same underlying conduct. *See* 18 U.S.C. § 3664(j)(2) (providing that any amount recovered by a victim in a civil proceeding must be reduced by any amount the victim receives under a criminal restitution order). Furthermore, a criminal conviction often collaterally estops the defendant from denying the essential allegations of the offense in a subsequent civil enforcement or tort action, effectively establishing liability as a matter of law. *See, e.g.,* 18 U.S.C. § 3664(l).

§ 3565. The government and the defense read these statutes on the jurisdictional issue before the court in a remarkably different way.

Under the government's reading, the collection of these statutes bearing on restitution provides authority to this court to resentence Poole to the maximum allowable reincarceration which initially could have been imposed by the California District Judge, upon a finding of Poole's knowledge of her obligation, but refusal willfully to satisfy that judgment.

Balking at this statutory interpretation, the defense contends that these statutes, by their plain language, limit the government's power to resentence Poole to reincarceration, jurisdiction having vanished once Poole's term of supervised release had expired, leaving only a civil recourse to the government[8].

The involved statutes are set out below:

18 U.S.C. § 3613A(a), which governs the effect of a defendant's default on financial penalties, states:

> "(a)(1) Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, **pursuant to section 3565 **(emphasis added**)**, revoke probation or a term of supervised release, modify the terms or conditions of probation or a term of supervised release, resentence a defendant **pursuant to section 3614** (emphasis added), hold the defendant in contempt of court, enter a restraining order or injunction, order the sale of property of the defendant, accept a performance bond, enter or effect a gemstone [sic]* seizure, or take any other action necessary to obtain compliance with the order of a fine or restitution).

> (2) In determining what action to take, the court shall consider the defendant's employment status, earning ability, financial resources, the willfulness in failing to comply with the fine or restitution order, and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order of a fine or restitution."

---

[8] *See* fn. 7.

18 U.S.C. § 3613(b), detailing the strict statutory timeframe governing the expiration of criminal financial obligations:

> "(b) Termination of Liability.—The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined. The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution. In the event of the death of the person ordered to pay restitution, the individual's estate will be held responsible for any unpaid balance of the restitution amount, and the lien provided in subsection (c) of this section shall continue until the estate receives a written release of that liability."

18 U.S.C. § 3614, outlining the district court's authority to alter the defendant's underlying sentence due to non-payment:

> "(a) Resentencing.—Subject to the provisions of subsection (b), if a defendant knowingly fails to pay a delinquent fine or restitution the court may resentence the defendant to any sentence which might originally have been imposed.
>
> (b) Imprisonment.—The defendant may be sentenced to a term of imprisonment under subsection (a) only if the court determines that— (1) the defendant willfully refused to pay the delinquent fine or had failed to make sufficient bona fide efforts to pay the fine; or (2) in light of the nature of the offense and the characteristics of the person, alternatives to imprisonment are not adequate to serve the purposes of punishment and deterrence.
>
> (c) Effect of Indigency.—In no event shall a defendant be incarcerated under this section solely on the basis of inability to make payments because the defendant is indigent."

18 U.S.C. § 3565, which defines the procedural and substantive boundaries for probation revocation, provides:

> "(a) Continuation or Revocation.—If the defendant violates a condition of probation at **any time prior to the expiration or termination of the term of probation**(emphasis added), the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable —
>
>> (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or
>>
>> (2) revoke the sentence of probation and resentence the defendant under subchapter A.
>
> (b) Mandatory Revocation for Possession of Controlled Substance or Firearm or Refusal To Comply With Drug Testing.—If the defendant—

(1) possesses a controlled substance in violation of the condition set forth in section 3563(a)(3);

(2) possesses a firearm, as such term is defined in section 921 of this title, in violation of Federal law, or otherwise violates a condition of probation prohibiting the defendant from possessing a firearm;

(3) refuses to comply with drug testing, thereby violating the condition imposed by section 3563(a)(4); or

(4) as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year;

the court shall revoke the sentence of probation and resentence the defendant under subchapter A to a sentence that includes a term of imprisonment."

Pooles's key argument here is that the construction 18 U.S.C. § 3613A limits a district court's authority to resentence a defendant for willful failure to pay restitution only while the defendant is still in custody. This assertion requires careful examination of § 3613A.

"Proper Statutory analysis begins with the plain text of [a] statute." *Wheeler v. Pilgrim's Pride Corp.* 591 F.3d 355, 364 (5th Cir. 2009)(en banc)(Jones, C.J., concurring)(quoting *Id*. at 374 (Emilio M. Garza, J., dissenting)). Courts must "give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (quoting *United States v. Menasche*, 348 U.S. 528, 538-39 (1955)). "That is, a court must be reluctant to treat any word or phrase in a statute as surplusage especially when that word or phrase "occupies so pivotal a place in the statutory scheme." *Id. See also Corley v. United States*, 556 U.S. 303, 314 (2009); *Hibbs v. Winn*, 542 U.S. 88, 101 (2004); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001).

Section 3613A states, ""(a)(1) Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, **pursuant to section 3565** (emphasis added) revoke probation or a term of supervised release, modify the terms or conditions of probation or a term of supervised release, resentence a defendant…" Section 3565 provides for discipline upon a

Page 10 of 13

defendant for violating a condition of probation at "**any time prior to the expiration or termination of the term of probation**… (emphasis added)"

Poole contends, thus, that language in §3565 must apply to the whole of §3613A, since following the directive of "**pursuant to section 3565**", § 3613 uses a string of verbs: revoke…; modify…; resentence…; hold…; enter…; order…; accept…; enter or effect…; or take… All of these verbs are obedient to "pursuant to section 3565".

So, what does § 3565 say?  It reads: If the defendant violates a condition of probation at **any time prior to the expiration or termination of the term of probation** (emphasis added), the court may… (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant… Both (1) and (2) contemplate a defendant still being on probation.

Focusing again on § 3613, we see as above-mentioned among the string of verbs limited by §3565, the verb "resentence". The specific statutory language thus should read that the court may, pursuant to §3565….resentence a defendant pursuant to §3614. Section 3614 does not alter the embrace of §3565, §3614 only requires a court addressing the matter of resentencing to inquire whether the defendant's conduct of default was committed "knowingly" and/or "willfully"; the court's power to resentence the defendant to any sentence which originally could have been imposed and whether alternatives to imprisonment would be adequate to serve the purposes of punishment and deterrence. Section 3614's placement in §3613A does not modify, alter or relax §3613A's limit of resentencing under §3565 to "any time prior to the expiration or termination of the term of probation."

Contrariwise, the government argues that the phrase "pursuant to section 3565" does not limit the reach of a district court to resentence. Government's Supplemental Brief [Doc. 45, p. 5]; instead, the government argues that the phrase only modifies "revoke probation." *Id*. The government then goes through the step of listing the code section of each provision of 3613A.3 *Id*. p. 6. This argument ignores the construction of the statute. If Congress intended for "pursuant to section 3565" to only modify "revoke probation" it would have placed "pursuant to section 3565" after "revoke probation" like it did when it modified "resentence a defendant pursuant to section 3614"; instead, Congress chose to separate "pursuant to section 3565" and place it prior to all of the powers granted to a district court by the statute.

As above stated, in this court's eye, 18 U.S.C. § 3565 establishes jurisdictional limits for the criminal penalties to the time a defendant is in custody.

In Poole's case, her original maximum statutory exposure for income tax evasion was five (5) years, for bank fraud was thirty (30) years , and for social security fraud was five (5) years, for a total of forty (40) years. The District Court in California sentenced Poole to serve twenty-seven (27) months in prison and three (3) years of supervised release on each count to run concurrently.

Under the government's argument, this court is authorized to resentence Poole to a term of imprisonment up to forty years which was the original maximum sentence which might have been imposed.

This court does not construe the statutes to authorize such an outcome. The following cases appear to agree with this court's analysis: *See United States v. Doviak*, 367 F.Supp.2d 2d 1056, 1058-59 (N.D. Tex. 2005)("Sections 3613 and 3613A deal with what action the court should take when a criminal defendant defaults on the payment of a fine or restitution prior to the expiration

or termination of probation or supervised release."); *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1192-93 (D.S.D. 2008)("The sentencing court is responsible for ordering restitution, see 18 U.S.C. § 3556, and enforcing it, during supervision, through the powers granted to the court by 18 U.S.C. §§§ 3613A and 3614. Because these powers are tied to the court's authority to modify tor revoke supervised release, they are of limited duration."); *United States v. Walsh*, CR 04-40005-02, at p. 2 (D.S.D. Feb. 3, 2011) ("A sentencing court is responsible for ordering restitution, and enforcing it during supervision."); *United States v. Swartz*, Case No. 15-cr-0351-TSH-1, 2018 WL 6182749 (N.D. Cal. Nov. 27, 2018); *United States v. Hester*, No. 4:04-cr-40019, Doc. 57 at 2 and 5 (W.D. Ark. May 16, 2022) (cites *Lawrence* in adopting scheme that the government has various civil collection tools even after a "[district] court's supervision and criminal jurisdiction [has] expired.").

The government ultimately resorts to a resentencing justification argument premised upon a civil basis under 18 U.S.C. §3613. This court does not address this matter since the ruling at issue only addresses whether this court had jurisdiction under the aforementioned statutes of 18 U.S.C.§3613A; 18 U.S.C. § 3614; and 18 U.S.C. § 3565.

This court concludes, as it must, that this District Court lacked jurisdiction to hear the Government's Motion for Resentencing, because Poole had satisfied her term of supervised release more than five years before the Government filed its motion.

SO ORDERED this the __19th__ day of _____June_____, 2026.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**